UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-22444-CV-MORENO
MAGISTRATE JUDGE REID

ANTONIO L. GREEN,

      Plaintiff,

v.

FRANKLIN PINEDA, et al.,

      Defendants

_____/

## <u>REPORT OF MAGISTRATE JUDGE</u>

### I. Introduction

Plaintiff, **Antonio L. Green**, an inmate at the New River Correctional Institution, filed this *pro se* Second Amended Complaint, pursuant to 42 U.S.C. § 1983 [ECF No. 35], and Memorandum of Law [ECF No. 36] suing Defendants at Dade Correctional Institution.

Liberally construing Plaintiff's Second Amended Complaint, he brings claims for excessive force, failure to intervene, and deliberate indifference to a serious risk of harm in violation of the Eighth Amendment of the United States Constitution. *See* [ECF No. 35]. He brings this suit against Defendants Franklin Pineda ("Officer

1

Pineda"), Major Green, Sergeant Burton, Sergeant John Doe #2, and John Does #3, #4, #5, #6, #7, and #8 (collectively "Cell Extraction Team Defendants" "John Does"). [*Id.* at 2-4 ¶¶ 4-13].

This case has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Administrative Order 2019-2. [ECF No. 2]. Because Plaintiff was a prisoner at the time of filing his Second Amended Complaint and proceeding *in forma pauperis* [ECF No. 7], his Second Amended Complaint must be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007).

Accordingly, as discussed below, the Undersigned **RECOMMENDS** that Plaintiff's Second Amended Complaint [ECF No. 35]:

1)  **PROCEED** against Officer Pineda as Plaintiff has stated a plausible claim against this Defendant for his purported use of excessive force when he closed Plaintiff's hand in a feeding flap;

2)  **PROCEED** against Sergeant Burton as Plaintiff has stated a plausible claim against this Defendant for failure to intervene in the purported use of excessive force by Officer Pineda;

3)  **PROCEED** against Major Green as Plaintiff has stated a plausible claim against this Defendant for failure to intervene in the purported use of excessive force by Officer Pineda and for

2

deliberate indifference to a risk of serious harm with regard to the purported assault by the Cell Extraction Team Defendants (John Does); and,

4)      be **DISMISSED WITHOUT PREJUDICE** against Sergeant John Doe #2 and John Does #3, #4, #5, #6, #7, and #8 for their purported use of excessive force and failure to intervene while Plaintiff was in the Medical Room, with leave to amend solely to substitute the John Does with the actual name of Defendants, on or before a date to be set forth in the Court's pretrial scheduling order.

## II. Procedural History

On August 28, 2019, Plaintiff filed an Amended Complaint [ECF No. 14], against some of the same Defendants named in this Second Amended Complaint. [ECF No. 35]. On December 9, 2019, upon screening Plaintiff's Amended Complaint, the Undersigned entered a Report. [ECF No. 18].

On May 6, 2020, the District Judge entered an "Order Adopting in Part Magistrate Judge Reid's Report and Recommendation." [ECF No. 23]. For purposes of brevity, the Undersigned will address the District Judge's Order Adopting in Part [ECF No. 23], relative to the named Defendants in Plaintiff's Second Amended Complaint. The District Judge, upon review of the Undersigned's prior Report, ordered that Plaintiff's Amended Complaint:

3

1) **PROCEED** against Defendant Pineda as Plaintiff has stated a plausible claim of excessive force when Defendant Pineda allegedly closed the feeding flap with malice on Plaintiff's hand;

2) be **DISMISSED WITHOUT PREJUDICE** against Defendants Green and Burton for failure to state a claim for their alleged failure to intervene in the purported use of excessive force by Defendant Pineda;

3) be **DISMISSED** against Defendant Green for failure to state a claim upon which relief may be granted as to his alleged failure to intervene in the purported use of excessive force by the Cell Extraction Team Defendants (John Does);

4) be **DISMISSED WITHOUT PREJUDICE** against Sergeant John Doe #2 and John Does #3, #4, #5, #6, #7, and #8 for their purported use of excessive force and failure to intervene while Plaintiff was in the Medical Room, with leave to amend on or before a date set forth in the Court's pretrial scheduling order, as Plaintiff has not described the John Does with sufficient particularity to allow the amended complaint to be served upon the John Does.

[ECF No. 23 at 1-3].

Pursuant to the District Judge's Order Adopting in Part, on June 23, 2020, the Undersigned entered an "Order to U.S. Marshal Re-Directing Personal Service upon Defendant, Franklin Pineda[,]" [ECF No. 33], along with attached Summons. [ECF No. 34]. Service was executed and counsel has been retained for Defendant Pineda. [ECF No. 38].1

On June 22, 2020, Plaintiff filed this Second Amended Complaint [ECF No. 35], and Memorandum of Law. [ECF No. 36]. Plaintiff has cured the deficiencies in his Amended Complaint [ECF No. 14], with respect to Major Green and Sergeant Burton as Plaintiff has pleaded a plausible claim for failure to intervene in the purported use of excessive force by Officer Pineda. *See* [ECF No. 35]. Further, Plaintiff has now pleaded a plausible claim against Major Green for deliberate indifference to a risk of serious harm with regard to the purported assault by the Cell Extraction Team Defendants (John Does). See [*id*].

However, as discovery has not yet commenced, Plaintiff has failed to cure the deficiencies identified in his Amended Complaint [ECF No. 14], with respect to

---

1 Defendant Pineda filed a motion for extension of time to respond to Plaintiff's Second Amended Complaint. [ECF No. 39]. On July 15, 2020, the Undersigned entered a paperless order granting the motion for extension of time, stating in summary, that the Court will enter any subsequent orders with regard to a response/answer from Defendant Pineda after screening Plaintiff's Amended Complaint. [ECF No. 40].

identifying the John Doe Defendants for purposes of serving this Second Amended Complaint. *See* [ECF No. 35].

### III. Plaintiff's Allegations

Plaintiff brings this suit against Defendants Officer Pineda, Major Green, Sergeant Burton, Sergeant John Doe #2, and John Does #3, #4, #5, #6, #7, and #8. [ECF No. 35 at 2-4 ¶¶ 4-13].

Plaintiff claims that the events described below occurred on October 25, 2017, between the hours of 11:00 AM and 2:00 PM, while he was confined at Dade Correctional Institution in the in-patient mental health Transitional Care Unit, J-dorm. [*Id*. at 5 ¶ 15].

Plaintiff alleges that while he was locked in his cell, J-2109, Officer Pineda closed his hand in a feeding flap, which caused him pain and suffering. [*Id*. ¶¶ 16-21]. He alleges that Major Green and Sergeant Burton were "present inside of J-2 wing[,] standing and watching from [eight] to [ten] feet away from where Defendant Franklin Pineda and Plaintiff [were]." [*Id*. at 5 ¶ 21]. Once Officer Pineda "noticed Major Green and Sergeant Burton standing there watching him[,] [he] stopped applying force to the feeding flap and walked off." [*Id*. ¶¶ 22-23]. Afterwards, Major Green and Sergeant Burton "walked over to Plaintiff's cell and saw that Plaintiff was bleeding from both his arms and hand." [*Id*. ¶ 27].

6

Next, the Colonel[2] entered the J-2 wing and walked over to Plaintiff's cell. [*Id.* at 7 ¶ 30]. The Colonel asked Plaintiff what happened, and Plaintiff started explaining in detail, while showing the Colonel his injuries. [*Id.* ¶ 31]. Plaintiff was then placed in leg and hand restraints and escorted by the Cell Extraction Team Members (John Does #3, #4, #5, #6, #7, and #8) from his cell to medical where Nurse Concepcion[3] and Sergeant John Doe #2 were waiting. [*Id.* ¶¶ 42-43].

While in medical, Nurse Concepcion began to clean the blood from Plaintiff's cuts with iodine and placed band-aids on Plaintiff's injuries. [*Id.* ¶ 44].

Major Green then concluded the medical assessment, and instructed Jane Doe #1[4] to shut off the video camera that was in use. [*Id.* at 9 ¶ 45]. Three or four members of the Cell Extraction Team (John Does) then entered the medical room, said nothing, and began to "[b]eat, punch, kick and stomp Plaintiff as he fell to the floor in hand and leg restraints." [*Id.* ¶ 47-48]. Plaintiff claims that while this beating occurred, Sergeant John Doe # 2, and the remaining members of the Cell Extraction Team (John Does) stood and watched without intervening. [*Id.* ¶ 49].

---

2 The Colonel is not named as a defendant in Plaintiff's Second Amended Complaint.

3 Nurse Concepcion is not named as a defendant in Plaintiff's Second Amended Complaint.

4 Jane Doe #1 is not named as a defendant in Plaintiff's Second Amended Complaint.

Major Green returned to the medical room as "[P]laintiff was yelling and screaming in pain and suffering for help." [*Id.* ¶ 51]. Major Green then told the Cell Extraction Team Defendants (John Does) to leave the medical room. [*Id.* at 9-10 ¶ 52].

Plaintiff was then placed in a chair with the help of Nurse Concepcion and Sergeant John Doe #2. [*Id.* at 10 ¶ 55]. He eventually lost consciousness and fell out of the chair he was sitting on. [*Id.* ¶ 56]. He was placed onto a stretcher and taken to the "emergency room" where he was examined by an unknown medical doctor for up to 45 minutes to one hour. [*Id.* ¶¶ 58-59].

Plaintiff's factual allegations will be explained in further detail in the discussion section of this Report.

Lastly, Plaintiff is seeking "compensatory" and "punitive damages." [ECF No. 35 at 12-14].

## IV.  Standard of Review

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted). Under both 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, a complaint must be dismissed if the court determines that the complaint fails to state

a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). When reviewing the complaint, the court takes the allegations made as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017)) (per curiam). Although, as stated before, a *pro se* pleading is liberally construed, it still must "suggest that there is some factual support for a claim." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Finally, under section 1915(e)(2)(B)(ii), courts must dismiss as frivolous claims that are "based on an indisputably meritless legal theory . . ." or "whose

factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

## V. Discussion

As discussed below, in the following order, construing Plaintiff's Second Amended Complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), he brings claims for violation of his Eighth Amendment rights against:

(1) Officer Pineda for excessive force when Officer Pineda allegedly closed Plaintiff's arm and hand in a feeding flap;

(2) Major Green and Sergeant Burton for failure to intervene when Officer Pineda allegedly closed Plaintiff's arm and hand in a feeding flap;

(3) Cell Extraction Team Defendants (John Does) for excessive force and failure to intervene with regard to the purported assault in the medical room; and

(4) Cell Extraction Team Defendants (John Does), Sergeant Burton, and Major Green for deliberate indifference to a serious risk of harm.

*See* [ECF No. 35 at 11 ¶¶ 60-62].

1) <u>Excessive Force: Feeding Flap</u>

As stated above, Plaintiff brings an excessive force claim against Officer Pineda for maliciously closing his hand in a feeding flap. [ECF No. 35 at 11 ¶ 60].

To establish a claim for excessive force based on a prison official's use of force, the prisoner must show that the official applied the force maliciously and

10

sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992).

Courts consider the following non-exhaustive list of factors to determine whether a prison official's use of force on an inmate is malicious and sadistic: (1) the need for application of force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the responsible officials; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the inmate's injury, if any. *See id*. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

### A) Defendant Officer Pineda

Plaintiff contends that while he was locked in Cell J-2109, he had his left arm and right hand hanging outside of the feeding flap of his cell. [ECF No. 35 at 5 ¶ 16]. Officer Pineda "[s]aid nothing whatsoever to [Plaintiff] in the form of a direct order to remove his arm and hand . . ." from the feeding flap. [*Id*. ¶ 19]. Officer Pineda then "[i]ntentionally start[ed] closing the feeding flap with Plaintiff's arm and hand still hanging outside the flap." [*Id*. ¶ 20]. Plaintiff alleges that he was "[c]ut and bleeding as a direct result of [Officer] Pineda's unprovoked and unjustified use of excessive force." [*Id*. at 6 ¶ 26].

11

Here, Plaintiff's allegations support a plausible inference that Officer Pineda applied force maliciously and sadistically for the very purpose of harming him. *See Hudson*, 503 U.S. at 7. In essence, Plaintiff alleges that Officer Pineda intentionally closed his hand in the feeding flap, causing him injury, even though he posed no threat or exhibited any resistance. *See id*.

Therefore, Plaintiff has once again pleaded a facially plausible excessive force claim against Officer Pineda.

2) <u>Failure to Intervene: Feeding Flap</u>

Plaintiff brings a claim against Major Green and Sergeant Burton for failing to intervene when Officer Pineda purportedly closed Plaintiff's hand in a feeding flap. [ECF No. 35 at 11 ¶ 60].

"[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." *Crenshaw v. Lister*, 556 F.3d 1283, 1293-1294 (11th Cir. 2009).

The Eleventh Circuit clarified that liability for failing to intervene in excessive force only arises when the officer observed the alleged excessive force and had both the time and ability to intervene in the purported use of excessive force by his fellow officer. *See Priester v. City of Riviera Beach*, 208 F.3d 919, 927 (11th Cir. 2000).

### A) *Defendants Major Green & Sergeant Burton*

Plaintiff alleges that Major Green and Sergeant Burton were "present inside of J-2 wing[,] standing and watching from [eight] to [ten] feet away from where Defendant [Officer] Pineda and Plaintiff [were]." [ECF No. 35 at 5 ¶ 21]. Major Green and Sergeant Burton "both stood by and watch[ed] Defendant [Officer] Pineda[,] without ever saying or doing anything for [five] to [ten] minutes . . . ." [*Id*. at 6 ¶ 22]. Once Officer Pineda noticed "Major Green and Sergeant Burton standing there watching him[,] [he] stopped applying force to the feeding flap and walked off." [*Id*. ¶¶ 23-24]. Afterwards, Major Green and Sergeant Burton "walked over to Plaintiff's cell and saw that Plaintiff was bleeding from both his arms and hand." [*Id*. ¶ 27].

Taking Plaintiff's allegations as true, Major Green and Sergeant Burton were present the entire time of the alleged incident and five to ten minutes is sufficient time to give Defendants the ability to intervene in the purported excessive use of force by their fellow officer. *See Eberhardt v. Bradshaw*, Case No. 18-80028-CV-MIDDLEBROOKS, 2018 U.S. Dist. LEXIS 57538 (S.D. Fla. Apr. 8, 2018) (four to five minutes is enough to plead failure to intervene); *see also Evans v. Doe*, Case No. 16-23617-CV-WILLIAMS, 2017 U.S. Dist. LEXIS 131505 (S.D. Fla. Aug. 16, 2017) (two minutes is enough to plead failure to intervene). Rather than intervening,

Major Green and Sergeant Burton instead allegedly stood by watching while Officer Pineda maliciously closed Plaintiff's arm and hand in the feeding flap. *See Priester*, 208 F.3d at 927.

Accordingly, Plaintiff has pleaded a facially plausible failure to intervene claim against Major Green and Sergeant Burton.

3) Excessive Force & Failure to Intervene: Assault in the Medical Room

*A) Defendants: Members of the Cell Extraction Team (John Does)*

Plaintiff brings claims against the Cell Extraction Team Defendants (John Does) for excessive force and failure to intervene with regard to the purported assault while Plaintiff was in the medical room. [ECF No. 35 at 11 ¶ 61].

Plaintiff contends that he was placed in hand and leg restraints and escorted by the Cell Extraction Team Members (John Does) from his cell in J-2 wing to the Medical Room where Nurse Concepcion and Sergeant John Doe #2 were waiting. [*Id*. at 7-8 ¶¶ 30-31, 41-43].

He asserts that while in the Medical Room, Major Green concluded the medical assessment and directed Jane Doe #1 to shut off the video camera that had been recording. [*Id*. at 9 ¶ 45]. Major Green then told Sergeant John Doe #2, "If [Plaintiff] [m]oves, hit him[.]" [*Id*. ¶ 46].

Three or four members of the Cell Extraction Team (John Does) then entered the medical room, said nothing, and began to "[b]eat, punch, kick and stomp Plaintiff as he fell to the floor in hand and leg restraints." [*Id*. ¶¶ 47-48]. Plaintiff claims that while this beating occurred, Sergeant John Doe # 2, and the remaining members of the Cell Extraction Team (John Does) stood and watched without intervening. [*Id*. ¶ 49]. Plaintiff claims that this "unprovoked and unjustified beating[,] while [he] was in hand and leg restraints[,] continued non-stop for several minutes. [*Id*. ¶ 50].

Taking Plaintiff's allegations as true, the three of four members of the Cell Extraction Team (John Does) applied force maliciously and sadistically for the very purpose of harming him, even though Plaintiff posed no threat or exhibited any resistance. *See Hudson*, 503 U.S. at 6. As a result of this purported assault, Plaintiff suffered severe injuries. *See id*. at 7. Therefore, Plaintiff has pleaded a plausible excessive force claim against the three or four members of the Cell Extraction Team (John Does).

Further, Sergeant John Doe #2 and the remaining members of the Cell Extraction Team (John Does) were present when the purported assault occurred for several minutes. *See Priester*, 208 F.3d at 927. Accordingly, these Defendants had the time and ability to intervene, but failed to do so. *See id.* Therefore, Plaintiff has

pleaded a plausible failure to intervene claim against Sergeant John Doe #2 and the remaining members of the Cell Extraction Team (John Does).

In Plaintiff's Second Amended Complaint, he describes the location of the alleged incidents and provides a date and three-hour time window [ECF No. 35 at 2 ¶ 3], however, he does not describe the John Does with enough particularity to serve the Second Amended Complaint on the John Does, prior to engaging in discovery. Moreover, it is unclear as to how many of the Cell Extraction Team Defendants (John Does) and which Defendants were involved in the purported assault and alleged failure to intervene in the purported assault.[5]

"[C]aselaw generally forbids fictitious-party pleading—that is, claims against fictitious or non-existent parties are usually dismissed." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). However, the initial use of an unnamed defendant is allowed "[w]here discovery would likely uncover that defendant's identity." *Morris v. Hays SP Warden*, 638 F. App'x 880, 881-82 (11th Cir. 2016); *see also Plant v. Doe*, 19 F. Supp. 2d 1316, 1319–20 (S.D. Fla. 1998) ("Courts

---

[5] It is important to note that it is not clear as to how many of the Cell Extraction Team Defendants, nor which John Does, were involved in this purported use of excessive force or alleged failure to intervene as Plaintiff states three or four "[C]ell Extraction Team defendants enter[ed] the Medical room" [ECF No. 35 at 9 ¶ 47], that "[S]ergeant John Doe # 2 and the remaining members of the Cell Extraction Team Defendant(s) all stood there and watched . . ." [*Id.* ¶ 49], and that Defendant Major Green [told] the three or four Cell Extraction Team Members to leave the Medical Room." [*Id.* at 9-10 ¶ 52].

generally permit the use of fictitious names when the only way a plaintiff can obtain the name of a defendant who has harmed him is through the discovery process in a case filed against that defendant as an unnamed party.").

Accordingly, because Plaintiff does not describe the John Does with sufficient particularity to allow the Second Amended Complaint to be served upon the John Does, and it is unclear which John Does engaged in the purported use of excessive force and which John Does failed to intervene, the Court recommends that any claims against the John Does be dismissed without prejudice, with leave to amend solely to substitute the John Doe Defendants with the actual name of Defendants on or before a date that will be set forth in the Court's pretrial scheduling order.[6] *See Judon v. Cumberland Farms, Inc.*, No. 17-14036-CIV, 2017 WL 7732131, at *2 (S.D. Fla. Mar. 7, 2017), *report and recommendation adopted,* No. 17-14036-CIV, 2017 WL 7732269 (S.D. Fla. Apr. 26, 2017) ("This Court also notes the general rule that changing a John Doe designation to the party's real name upon learning the party's real name is the equivalent of substitution of a party.").

---

6 "An amendment to substitute named officials for a fictitious defendant would not relate back, under Federal Rule of Civil Procedure 15(c), because the plaintiff lacked knowledge of the proper defendant when he filed his complaint." *Jones v. Georgia Dep't of Corr.,* 763 F. App'x 906, 907 (11th Cir. 2019). Therefore, the substitution of the John Doe Defendants for the proper named Defendants must occur prior to the Florida four-year statute of limitations. *See Williams v. Barrett,* 287 F. App'x 768, 770 (11th Cir. 2008) (concluding that district court properly dismissed claim against John Doe Defendants because plaintiff failed to substitute named parties as defendants and serve unnamed defendants within the limitations period for a § 1983 claim).

17

4) <u>Deliberate Indifference to a Risk of Serious Harm (Failure to Protect):
Assault in the Medical Room</u>

Plaintiff claims that "the denial of Defendants Major Green, Sergeant Burton, Sergeant John Doe #2, [John Does # 3, #4, #5, #6, #7, and #8] in their failure to intervene in the use of excessive force against [Plaintiff] and/or to take protective measures in response to the obvious known risk of serious harm while being in a position to do so, constituted deliberate indifference to [Plaintiff's] safety in violation of the Eighth Amendment of the United States Constitution." [ECF No. 35 at 11 ¶ 62].

Based on the above claim by Plaintiff, it appears that Plaintiff is bringing a failure to protect claim against Defendants.

To state an Eighth Amendment failure to protect claim, "a plaintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (citation omitted). "When examining the first element--a substantial risk of serious harm--the court uses an objective standard." *Id.* (citation omitted).

"The second element--the defendant's deliberate indifference to that risk--has two components: one subjective and one objective." *Id.* To satisfy the subjective component, a plaintiff must produce evidence that the defendant "actually

18

subjectively knew that an inmate faced a substantial risk of serious harm." *Id.* (alterations omitted) (citation omitted). To satisfy the objective component, a plaintiff must produce evidence that the defendant disregarded that known risk by failing to respond to it in an objectively reasonable manner. *See id.*

"With regard to the subjective component of the second element--i.e., the defendant's actual knowledge that an inmate faced a substantial risk of serious harm--the defendant must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* 1099-1100 (citation omitted).

A) *Major Green, Sergeant Burton & Cell Extraction Team Defendants (John Does)*

As discussed previously Plaintiff has pleaded a plausible failure to intervene claim against Major Green and Sergeant Burton with regard to the purported assault by Defendant Pineda. Therefore, the Court need not address whether Major Green and Sergeant Burton were deliberately indifferent to a risk of serious harm as to the purported assault by Defendant Pineda. Further, Plaintiff has pleaded a plausible excessive force and failure to intervene claim against the Cell Extraction Team Defendants (John Does). Therefore, the Court need not address whether the Cell Extraction Team Defendants (John Does) were deliberately indifferent to a serious risk of harm.

19

*B) Major Green*

As to the deliberate indifference claim against Major Green, with regard to the purported assault by the Cell Extraction Team Defendants (John Does), Plaintiff satisfies the first element for a deliberate indifference claim; Plaintiff was assaulted by the Cell Extraction Team Defendants. *See Moulds v. Bullard,* 345 F. App'x. 387, 391 (11th Cir. 2009) ("[a] substantial risk to a prisoner's safety may arise ... out of his individual situation...."). Accordingly, Plaintiff has adequately shown that he faced a substantial risk of serious harm.

As for the second element, Plaintiff provides sufficient facts to support a plausible inference that Major Green exhibited deliberate indifference to a substantial risk of serious harm. Here, taking Plaintiff's allegations as true, a plausible inference can be drawn that not only was Officer Green "actually subjectively aware" of a substantial risk of serious harm, but a plausible inference can be drawn that Officer Green may have played a role in orchestrating the assault against Plaintiff. *See Caldwell*, 748 F.3d at 1099-1100.

First, directly after the purported excessive force by Defendant Pineda, Major Green stated "If I have to run the team, you'll be sorry, I promise." [ECF No. 35 at 6 ¶ 29]. Second, prior to the assault by the Cell Extraction Team Defendants (John Does), Major Green instructed Jane Doe #1 to shut off the video camera that was in

use and told Sergeant John Doe #2, "If [Plaintiff] [m]oves, hit him[.]" [*Id*. at 9 ¶¶ 46-47]. Third, after the purported assault by the John Does, Defendant Major Green returned the medical room as "[P]laintiff was yelling and screaming in pain and suffering for help[,]" and Defendant Major Green then told the Cell Extraction Team Defendants (John Does) to leave the medical room. [*Id.* at 9-10 ¶¶ 52-53]. Finally, Major Green directed Jane Doe #1 to turn the hand-held camera back on, and stated, "As soon as I walked out of the room, he moved." [*Id*. at 10 ¶¶ 53-54].

Accordingly, based on Plaintiff's allegations, a plausible inference can be drawn that Major Green knew that a substantial risk of harm to Plaintiff existed. *See Caldwell,* 748 F.3d at 1099-1100; s*ee also Sepulveda v. Burnside*, 170 F. App'x 119, 123 (11th Cir. 2006) (finding a jury could sustain a conclusion of deliberate indifference where a reasonable jury might further infer from defendant's conduct that defendant encouraged or deliberately orchestrated an assault, based on plaintiff's testimony about the close relationship between defendant and other inmate, and their exchange of racist and derogatory remarks about plaintiff).

Plaintiff has also provided sufficient facts to meet the causation element because, as discussed above, a plausible inference can be drawn that Officer Green was aware of the impending assault by the cell extraction team members.

21

Thus, at this juncture, Plaintiff has provided sufficient facts to support a facially plausible deliberate indifference to a risk of serious harm claim against Major Green.[7]

## VI. Punitive Damages Claim

Plaintiff seeks punitive damages against Defendants Officer Pineda, Major Green, Sergeant Burton, Sergeant John Doe #2, and John Does #3, #4, #5, #6, #7, and #8. [ECF No. 35 at 13].

Punitive damages may be awarded under § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). "While the *Smith* Court determined that it was unnecessary to show actual malice to qualify for a punitive award, . . . its intent standard, at a minimum, required recklessness in its subjective form." *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 536 (1999). *Smith* refers to a "subjective

---

[7] As for a claim for failure to intervene, it appears that Major Green was not present during the alleged application of excessive force, and thus could not have intervened in the purported use of excessive force. *See Priester*, 208 F.3d at 927. Moreover, it is not clear when Defendant Major Green left the Medical Room. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Major Green for his alleged failure to intervene in the purported application of excessive force by the Cell Extraction Team Members (John Does). However, as indicated above, Plaintiff has pleaded a plausible claim for deliberate indifference against Major Green. Plaintiff has also pleaded a plausible failure to intervene claim against Major Green with regard to the purported excessive force by Officer Pineda.

consciousness" of a risk of injury or illegality and a "criminal indifference to civil obligations." *Id.* (quoting *Smith*, 461 U.S. at 37 n.6)).

At this early juncture, since it cannot be determined whether punitive damages should be awarded against Officer Pineda, Major Green, and Sergeant Burton arising from the facts alleged, the punitive damage claim should proceed against these Defendants.

However, the Court recommends dismissal without prejudice against Sergeant John Doe #2 and John Does #3, #4, #5, #6, #7, and #8, because Plaintiff has not described these Defendants with sufficient particularly to allow the Second Amended Complaint to be served upon them. Thus, the punitive damage claim against the John Doe Defendants should be dismissed without prejudice, with leave to amend to substitute the fictitious parties for the named Defendants on or before a date to be set forth in the Court's pretrial scheduling order.

## VII. Recommendations

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Second Amended Complaint [ECF No. 35]:

1) **PROCEED** against Officer Pineda as Plaintiff has stated a plausible claim against this Defendant for his purported use of excessive force when he allegedly closed Plaintiff's hand in a feeding flap;

2)     **PROCEED** against Sergeant Burton as Plaintiff has stated a plausible claim against this Defendant for failure to intervene in the purported use of excessive force by Defendant Pineda;

3)     **PROCEED** against Major Green as Plaintiff has stated a plausible claim against this Defendant for failure to intervene in the purported use of excessive force by Defendant Pineda and for deliberate indifference to a risk of serious harm with regard to the purported assault by the Cell Extraction Team Defendants (John Does); and,

4)     be **DISMISSED WITHOUT PREJUDICE** against Sergeant John Doe #2 and John Does #3, #4, #5, #6, #7, and #8 for their purported use of excessive force and failure to intervene while Plaintiff was in the Medical Room, with leave to amend to substitute the John Does with the actual name of Defendants, on or before a date to be set forth in the Court's pretrial scheduling order, as Plaintiff has not described the John Does with sufficient particularly to allow the Second Amended Complaint to be served upon the John Does.

The Court also recommends that Plaintiff's Motion requesting that service be made on Defendants Major Green and Sergeant Burton [ECF No. 37], be **GRANTED**.

24

Objections to this report may be filed with the District Court within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the district court judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 26th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:     **Antonio L. Green**
        981309
        New River Correctional Institution
        Inmate Mail/ Parcels
        PO Box 900
        Raiford, FL 32083
        PRO SE

        **Defendant Franklin Pineda**
        Represented by **Melissa Lynn Eggers**
        1515 N. Flagler Drive
        Suite 900
        West Palm Beach, FL 33401
        Melissa.eggers@myfloridalegal.com